**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

DONNA JONES,

                    Plaintiff,

v.                                                              Civil Action No.: 1:23-cv-359-AJT-LRV

FAIRFAX COUNTY SCHOOL BOARD,

                    Defendant,

_____

## DEFENDANT'S OBJECTIONS TO
## PLAINTIFF'S RULE 26(a)(3)(A) DISCLOSURES

COMES NOW Defendant Fairfax County School Board (the "School Board"), by counsel, and pursuant to this Court's October 5, 2023 Order, submits the following objections to Plaintiff Donna Jones' Rule 26(a)(3)(A) disclosures.

**I.      Objection to Plaintiff's Supplemental Witness List**

On February 26, 2024, seventeen (17) days after the close of discovery and eleven (11) days after the date on which the Court's Pretrial Order required the parties to submit lists of witnesses, Plaintiff supplemented her prior discovery responses and witness list to identify one of her former coworkers, Lisa England, as the twenty-fifth person she may call to testify at trial. From disclosures, it does not appear that Ms. England's testimony is expected to be particularly relevant. It also is worth noting that Ms. Jones has identified as potential witnesses every person with potentially relevant knowledge in this case, rendering a witness list unhelpful in any way in narrowing issues or preparing for trial. The School Board objects to the belated disclosure.

**II.     Objections to Plaintiff's List of Exhibits**

As an initial matter, Plaintiff did not include Bates labels or other descriptions sufficient for the School Board to identify certain exhibits on the Exhibit List. To the extent that, upon seeing the actual exhibit listed, such exhibit had not been disclosed by either party in discovery

or other unanticipated objections become apparent, the School Board reserves the right to object

to the exhibit's admission into evidence. Additional objections to the exhibits, as the School

Board understands them, are as follows:

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 1. | Email dated 7/25/19 (D. Jones 1-2) | • Relevance (Fed. R. Evid. 401) |
| 2. | Emails dated 6/5/2022 (D. Jones 3-4) | • Relevance (Fed. R. Evid. 401) |
| 3. | Email dated 7/21/2020 (D. Jones 5) | • Relevance (Fed. R. Evid. 401) |
| 4. | Emails dated 8/1/2020 – 8/2/2020 (D. Jones 6) | • Relevance (Fed. R. Evid. 401) |
| 20. | Emails dated 2/23/21 (D. Jones 693-695) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 21. | Kim Notice dated 3/3/21 (No Bates) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 22. | March 3, 2021 email Ditch Digging (D. Jones 696-698) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 23. | March 4, 2021 Email Ditch Digging II (D. Jones 699-700) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 24. | Email from KJM dated 4/12/21 (D. Jones 702-703) | • To the extent this exhibit is the same as Defendant's Ex. 2, no objection. As Bates label does not appear to match, if different, all objections reserved. |
| 25. | Brock IAQ dated 6/15/21 | • To the extent this exhibit is the same as Defendant's Ex. 24, no objection. As no Bates label is provided, if different, all objections reserved. |

---

[1] Plaintiff's exhibits are numbered until a certain point, but even those that are numbered are not listed in order. Not being privy to the reasoning, Defendant has attempted to follow Plaintiff's same structure as best as it is able, and has listed the unnumbered exhibits at the end.

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 26. | IAQ dated 6/21/21 | • To the extent this exhibit is the same as Defendant's Ex. 25, no objection. As no Bates label is provided, if different, all objections reserved. |
| 27. | Email dated 6/21/21 | • Relevance (Fed. R. Evid. 401) |
| 28. | Email dated 6/28/21 (D. Jones 704-709) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 29. | D. Bennett Small Area/Kim Pictures | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 30. | Attach 7/20/21 BES Updates | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 31. | Emails dated 7/20 (D. Jones 710-715) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 32. | Request/Brock dated 8/3/21 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 33. | Email dated 8/17/21 (D. Jones 716-717) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 34. | Email dated 8/31/21 (D. Jones 718-722) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 35. | Email dated 9/17/21 (D. Jones 723-725) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 36. | K. JM Construction at BES dated 9/20/21 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 37. | IAQ follow up from 6/15/21 dated 9/20/21 | • To the extent this exhibit is the same as Defendant's Ex. 26, no objection. As no Bates label is provided, if different, all objections reserved. |
| 38. | ADA Template FCPS (FCPS 1566-1569) | • No objection. |
| 5. | A. Perez Abatement Smaller (D. Jones 37-39) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Incomplete (Fed. R. Ed. 106) |
| 6. | Data Logger in 38 and Cleaning Reference (D. Jones 40-41) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 7. | IAQ dated 11/30/21 | • To the extent this exhibit is the same as Defendant's Ex. 27, no objection. As no Bates label is provided, if different, all objections reserved. |
| 8. | Email dated 11/30/21 (D. Jones 726-727) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 9. | Email dated 12/1/21 (FCPS 343-345) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 10. | Email dated 12/3/21 (D. Jones 728-732) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 11. | Significant Dust dated 12/06/21 (D. Jones 46) | • Relevance (Fed. R. Evid. 401) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 12. | Email dated 12/6/21 (D. Jones 733-736) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 13. | Email dated 12/6/21 (D. Jones 1262) | • Document Title does not appear to match Bates No. and thus exhibit is not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 14. | BES Issues in Room 38 (D. Jones 47-61) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 15. | Continuing Construction/Abatement Report dated 12/16/21 (D. Jones 62-82) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 16. | Robertson Report dated 12/16/21 (D. Jones 83-87) | • No objection. |
| 17. | Email I Robertson dated 12/1/6/21 (FCPS 369) | • Document Title does not appear to match Bates No. and thus exhibit is not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 18. | Email D. Bennett dated 12/16/21 (FCPS 369) | • No objection to FCPS 369. |
| 19. | Email to OSHA (FCPS 376-377) | • No objection. |
| 39. | Meeting Minutes MK/DJ Questions (D. Jones 88-94) | • Hearsay (Fed. R. Evid. 802, 805) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 40. | Email dated 1/12/22 (D. Jones 753-754) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 41. | Email dated 1/12/22 (D. Jones 755-757) | • No objection. |
| 42. | IAQ dated 1/20/22 (D. Jones 95) | • No objection. |
| 43. | Email dated 1/20/22 (D. Jones 764-766) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 44. | Room 34 IAQ | • To the extent this exhibit is the same as Defendant's Ex. 31, no objection. As no Bates label is provided, if different, all objections reserved. |
| 45. | Email dated 1/28/22 (D. Jones 96) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 46. | Report to Work S. Brabrand dated 1/30/22 (FCPS 892-895) | • Document Title does not appear to match Bates No. and thus exhibit is not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 47. | Email dated 1/30/22 (FCPS 60-61) | • No objection. |
| 48. | Asphalt Tar dated 1/31/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 49. | 34 Unavailable. Query to change rooms dated 1/31/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 50. | Email dated 1/31/22 (FCPS 293) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 51. | Roofing Odors dated 2/1/22 (D. Jones 767-768) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 52. | Email 2/1/22 Chemical Smell | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 53. | Email dated 2/1/22 (FCPS 239) | • No objection to exhibit. |
| 54. | FW_Information dated 2/2/22 (D. Jones 123-124) | • Relevance (Fed. R. Evid. 401) |
| 55. | BES Renovation Issues (D. Jones 896-897) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 56. | Email dated 2/2/22 (FCPS 249-252) | • No objection. |
| 57. | Email dated 2/2/22 (FCPS 283) | • No objection. |
| 58. | Email dated 2/2/22 (FCPS 126-129) | • Hearsay (Fed. R. Evid. 802, 805) |
| 59. | Correspondence dated 2/7/22 and 1/30/22 (FCPS 60-61) | • No objection. |
| 60. | Dr. Halabi FCPS ADA Request (D. Jones 125-129) | • No objection. |
| 61. | Email dated 2/7/22 (FCPS 60-62) | • No objection (other than cumulative). |
| 62. | Email dated 2/7/22 (FCPS 260) | • No objection. |
| 63. | Email dated 2/7/22 (FCPS 141-142) | • No objection (other than cumulative). |
| 64. | Email dated 2/7/22 (FCPS 277) | • No objection. |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 65. | Email dated 2/11/22 (D. Jones 772-774) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 66. | IAQ Data Sheet dated 2/14/22 | • To the extent this exhibit is the same as Defendant's Ex. 32, no objection. As no Bates label is provided, if different, all objections reserved. |
| 67. | Email dated 2/14/22 (FCPS 142-143) | • Hearsay (Fed. R. Evid. 802, 805) |
| 68. | Dr. Halabi ADA (FCPS 154, D. Jones 131-135) | • No objection. |
| 69. | Gibson ADA Correspondence dated 2/17/22 (D. Jones 137-142) | • No objection. |
| 70. | Email dated 2/17/22 (FCPS 270) | • No objection (other than cumulative). |
| 71. | Email dated 2/17/22 (FCPS 133-135) | • No objection (other than cumulative). |
| 72. | Gibson's internal notes (FCPS 136-137) | • No objection. |
| 73. | Donna short bullet list (D. Jones 143) | • No objection. |
| 74. | Email dated 2/18/22 (FCPS 132) | • No objection. |
| 75. | Gibson ADA Correspondence (D. Jones 144-146) | • No objection. |
| 76. | Post call email (D. Jones 147-149) | • No objection (other than cumulative). |
| 77. | Email dated 2/22/22 (FCPS 295) | • No objection. |
| 78. | Principal Briefing re Covid 19 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 79. | Emails dated 3/1/22 (FCPS 222-223) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 80. | Refusal to work from home ADA | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 81. | Email dated 3/2/22 (D. Jones 99-101) | • No objection to D. Jones 99<br>• D. Jones 100-101 - Hearsay (Fed. R. Evid. 802, 805) |
| 82. | Email dated 3/2/22 (FCPS 189-191) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 83. | Email dated 3/2/22 (FCPS 449) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 84. | Email dated 3/3/22 (FCPS 309-310) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 85. | Email dated 3/3/22 (FCPS 185) | • Hearsay (Fed. R. Evid. 802, 805) |
| 86. | Principal email (duplicative) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 87. | Email dated 3/4/22 (FCPS 296-299) | • No objection as to FCPS 296.<br>• As to remainder: Hearsay (Fed. R. Evid. 802, 805) |
| 88. | Email dated 3/10/22 (D. Jones 780-781) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 89. | Email dated 3/14/22 (D. Jones 898-908) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 90. | Visible Mold. No history of mold per G. Brock | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 91. | Correspondence dated 3/16/22 (D. Jones 909-911) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 92. | Email dated 3/16/22 (D. Jones 912) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 93. | Email dated 3/17/22 (D. Jones 913) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 94. | IAQ dated 4/8/22 (D. Jones 782) | • No objection. |
| 95. | Complaint dated 4/14/22 (D. Jones 156-158) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 96. | Email dated 4/25/22 (D. Jones 784-788) | • Hearsay (Fed. R. Evid. 802, 805) |
| 97. | FCPS ADA Form (FCPS 160; D Jones 159-162) | • No objection. |
| 98. | Email dated 4/26/22 (D. Jones 789-795) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| 99. | Notice to FCPS dated 4/27/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 100. | EER Response dated 4/27/22 (FCPS 253-256) | • Relevance (Fed. R. Evid. 401) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 101. | Letter to S. McDonald (D. Jones 167) | • Hearsay (Fed. R. Evid. 802, 805) |
| 102. | EER Response dated 4/27/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 103. | Email dated 4/27/22 (FCPS 193) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Cumulative |
| 104. | Email dated 5/5/22 (FCPS 229-232) | • Hearsay (Fed. R. Evid. 802, 805) |
| 105. | Email dated 5/5/22 (FCPS 196-198) | • Hearsay (Fed. R. Evid. 802, 805) |
| 106. | Letter re: D. Jones dated 5/6/22 (D. Jones 168) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
| 107. | Email dated 5/10/22 (D Jones 796-797) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 108. | Letter from Dr. Williams dated 5/12/22 (FCPS 767, 167) | • No objection. |
| 109. | May 2022 Correspondence | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 110. | ADA Claims Ltr. (D. Jones 169-170) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
| 111. | ADA EM Claims Ltr (D. Jones 171-172) | • No objection to Ms. Gibson's email dated 5/17/22.<br>• Remainder: Hearsay (Fed. R. Evid. 802, 805) and Relevance (Fed. R. Evid. 401) |

11

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 112. | 3rd ADA Accommodation Request (FCPS 99-101) | • Document Title does not appear to match Bates No. and thus exhibit is not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 113. | Email dated 5/17/22 (FCPS 102) | • No objection. |
| 114. | Email dated 5/17/22 (FCPS 211) | • No objection. |
| 115. | Video IMG_0300 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 116. | Video IMG_301 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 117. | Video IMG_303 Rotated Video 2/7/24 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 118. | Video IMG_304 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 119. | Video IMG_306 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 120. | FCPS Response (D. Jones 173) | • Relevance (Fed. R. Evid. 401) |
| 121. | Jones Obed Response Timeline (D. Jones 174-181) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
| 122. | Jones OLG Response (D. Jones 182-183) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
| 123. | Jones OLG Correspondence (D. Jones 184-187) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
| 124. | FCPS Response (D. Jones 188) | • Relevance (Fed. R. Evid. 401) |
| 125. | Email dated 5/26/22 (FCPS 92-94) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401)<br>• Cumulative |
| 126. | Email dated 5/27/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

13

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 127. | Email dated 5/27/22 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 128. | Email dated 5/27/22 (FCPS 86-90) | • Hearsay (Fed. R. Evid. 802, 805) |
| 129. | Email dated 5/31/22 (D. Jones 812-814) | • Hearsay (Fed. R. Evid. 802, 805) |
| 130. | Email dated 5/31/22 (D. Jones 810-11) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 131. | Email dated 6/2/22 (FCPS 83-84) | • No objection. |
| 132. | Letter from D. Jones (D. Jones 189-192) | • Hearsay (Fed. R. Evid. 802, 805)<br>• Relevance (Fed. R. Evid. 401) |
|  | Mycotoxin Profile | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 133. | c.2. Photos Combined 1/27/24 Update<br><br>(And each Photo individually listed below without an exhibit number) | • Relevance (Fed. R. Evid. 401)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 135. | Correspondence dated 1/31/24 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 136. | Blueprint II VWCC Def RFPD 1 of 2 | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 137. | Ex. 01-FCPS 328 Blueprint | • To the extent this exhibit is the same as Defendant's Ex. 1, no objection. As no Bates label is provided, if different, all objections reserved. |
| 138. | Room 38 Maintenance Report | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 139. | Braddock ES | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 140. | Gibson ADA Timeline (FCPS 177-179) | • No objection. |
| 141. | IAQs Combined | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 142. | e. R4417 Telework Policy.scan | • To the extent this exhibit is the same as Defendant's Ex. 21, no objection. As no Bates label is provided, if different, all objections reserved. |
| 143. | Va. Code § 2.2-2817.1 | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Inappropriate as evidence |
| 144. | L. Gibson Notes | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| 145. | Construction Phases | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 146. | EAP Counseling Visits_Redacted | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 147. | Regulation 4237.4 Reasonable Accommodations | • To the extent this exhibit is the same as Defendant's Ex. 22, no objection. As no Bates label is provided, if different, all objections reserved. |
| 148. | FCPS 931 | • Incomplete (Fed. R. Ed. 106)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 149. | Job Description Brochure IRT | • To the extent this exhibit is the same as Defendant's Ex. 39, no objection. As no Bates label is provided, if different, all objections reserved. |
| 150. | Acquired Obstructive Sleep Apnea Machine | • Relevance (Fed. R. Evid. 401)<br>• Foundation |
| 151. | Medical Documentation of Lung Condition<br><br>(Including categories listed below with no exhibit number) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| 152. | Lung Masses CT Scan Medical Documentation (including listed scans) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 153. | Infection Medical Documentation (including listed items without exhibit numbers) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 154. | Medical Documentation of Acquired Obstructive Sleep Apnea (including listed items below with no exhibit number) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| 155. | Exhibits for Demonstrative Purposes to be created | • Objections reserved pending disclosure of exhibit. |
| 156. | Exhibits for Demonstrative Purposes to be created for Moisture and Construction | • Objections reserved pending disclosure of exhibit. |
| 157. | D. Jones Photos | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| 158. | FCPS Construction Work Daily Summaries (FCPS 943-1550 | • No objection. |
| 159. | VRS Benefits Estimates (D. Jones 311-312) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 160. | Workers' Compensation Consent Order | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 161. | EPA Mold Remediation in Schools and Commercial Buildings (D. Jones 313-370) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 162. | Preventing Mold in the Workspace OSHA (D. Jones 371-404) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 163. | OSHA DOL Brief Guide (D. Jones 405-419) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 164. | FCPS Mold and Mildew Prevention (D. Jones 1666-1669) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 165. | ASHRAE Addendum Ventilation for Acceptable Air Quality | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 166. | Roofing Project FAQs FCPS (FCPS 1588) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 167. | Operation of Portable Classrooms for Optimal Air Quality (FCPS 1589-1590) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 168. | Any document identified in discovery reflecting Plaintiff's job duties and essential job functions | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| 169. | Principal Briefing re Covid (FCPS 1570-1587) | • Relevance (Fed. R. Evid. 401) |
| 170. | Expert Exhibits M. Menz | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 171. | Expert Exhibits Dr. Halabi | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| 172. | IME Dr. Cheung | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| 173. | Voicemail to EER 2/17/22 | • Hearsay (Fed. R. Evid. 802, 805) |
| | Deposition Transcript G. Brock (for impeachment only) | • The School Board also incorporates any objections stated during the deposition as if restated herein.<br>• Depending on context, may not be admissible in exhibit format. |
| | Deposition Transcript-L. Gibson (for impeachment only) | • The School Board also incorporates any objections stated during the deposition as if restated herein.<br>• Depending on context, may not be admissible in exhibit format. |
| | Deposition Transcript – K. Jackson Muir (for impeachment only) | • The School Board also incorporates any objections stated during the deposition as if restated herein.<br>• Depending on context, may not be admissible in exhibit format. |
| | Deposition Transcript-J. Gillis (for impeachment only) | • The School Board also incorporates any objections stated during the deposition as if restated herein.<br>• Depending on context, may not be admissible in exhibit format. |
| | Hearing Transcript-Workers Compensation (for impeachment only) | • Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805) |
| | Any of Defendant's Discovery Responses for purposes of impeachment or rebuttal | • No objection if deemed admissible for such limited purposes only. |
| | Any document identified or produced in discovery by either party. | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which requires the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901)<br>• Cumulative |
| | Any exhibit for demonstrative purposes in aid of presenting evidence to jury. | • Objections reserved until such exhibit is presented. |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| | 24.02.06-02.07 Email from L. England (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | Any FCPS or BES Correspondence uncovered but not produced by FCPS in discovery (identified late in Supplemental List) | • Not identified with sufficient particularity to permit objections.<br>• Assumes correspondence was adequately requested in discovery, no motions to compel were filed, discovery closed 26 days ago<br>• Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | Screenshots of, or condensed versions of video clips previously produced in discovery (identified late in Supplemental List) | • Not identified with sufficient particularity to permit objections.<br>• Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | Documents related to damages: Virginia Retirement System Benefits Screenshot (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Not adequately disclosed in discovery as part of Plaintiff's damages<br>• Speculative<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

| EX. #[1] | DESCRIPTION | Objection(s) |
|---|---|---|
| | Documents related to damages: ERFC Benefits Screenshot (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Not adequately disclosed in discovery as part of Plaintiff's damages<br>• Speculative<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | Documents related to damages: Medical Provider Patient Responsibility Summary re Damages (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Not adequately disclosed in discovery as part of Plaintiff's damages<br>• Speculative<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | Documents related to damages: Medical Provider Prescription Costs re Damages (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Not adequately disclosed in discovery as part of Plaintiff's damages<br>• Speculative<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |
| | FOIA Payment Receipt (identified late in Supplemental List) | • Violates Pretrial Scheduling Order which required the identification of exhibits prior to Final Pretrial Conf.<br>• Not adequately disclosed in discovery as part of Plaintiff's damages<br>• Relevance (Fed. R. Evid. 401)<br>• Hearsay (Fed. R. Evid. 802, 805)<br>• Authenticity and Foundation (Fed. R. Evid. 901) |

Respectfully submitted,

FAIRFAX COUNTY SCHOOL BOARD
By Counsel

Date:    February 26, 2024

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)


By:    _____/s/ Laurie L. Kirkland_____
        Laurie L. Kirkland, VSB No. 75320
         lkirkland@bklawva.com
        Dana Leinbach, VSB No. 95866
         dleinbach@bklawva.com
        *Counsel for Defendant Fairfax County
        School Board*

## CERTIFICATE OF SERVICE

        I certify that on this 26th day of February, 2024 I served via electronic mail the foregoing on Counsel of Record for Defendant as follows: Seth James B. Obed, Esq., sobed@obedlaw.com; Robert M. Bohn, rbohn@obedlaw.com.


                            _____/s/ Laurie L. Kirkland____
                            Laurie L. Kirkland, Esq.
                            Virginia State Bar No. 75320
                            BLANKINGSHIP & KEITH, P.C.
                            4020 University Drive, Suite 300
                            Fairfax, Virginia 22030
                            Phone: 703-691-1235
                            Fax: 703-691-3913
                            lkirkland@bklawva.com
                            *Counsel for Defendant Fairfax County
                            School Board*